The case for today is number 21-10456 TL90108 LLC v. Ford. And please be on the way on behalf of the appellant TL90108 LLC. The issue before this court is a straightforward one. If an entity or individual does not have pre-knowledge that they are a predator, but they are given knowledge of a bankruptcy proceeding, is that a non-acknowledged decision to bar them from later filing a request for a chargeability determination under Bankruptcy Code 523C? In this case, Mr. Ford and TL were utter strangers to one another before Mr. Ford filed a lawsuit against TL seeking replevance of a vehicle in Wisconsin. TL had no claims against Mr. Ford at that time when he filed his bankruptcy in 2019, and TL had won the case in Wisconsin at that time. It was pending in the Wisconsin Supreme Court on a motion to dismiss. What Mr. Ford did was he provided notice that he was in bankruptcy, but not notice that TL was a predator. It was only after TL lost the appeal in the Wisconsin Supreme Court that discovery revealed in 2020, before Mr. Ford had a confirmed plan, that he had entered into a conspiracy with the alleged thief of the vehicle, the individual who sold us the car. And it's that alleged theft that is the basis for Mr. Ford's civil lawsuit against us in Wisconsin. It was at that time, then, that we immediately went to the bankruptcy board and we were granted relief from stay to fully liquidate our claim against him in Wisconsin, to file a counterclaim, that we were granted leave to file a late proof of claim. But the bankruptcy court felt itself bound by this court's decision from many decades earlier in the Alton case that knowledge of the bankruptcy was sufficient to bring the case under Rule 4007 and outside of the exception under Section 523A3. So does your whole case boil down to whether Alton has been undermined at the point of abrogation by some subsequent Supreme Court decision? Yes.  Yes, it does. By Kontrick. Precisely, yes. And because under this court's precedent, it's probably our best case to report on that, that if the panel sees, if this court sees that it has been hollowed out to the point of abrogation by a Supreme Court decision, then that decision can be overruled by a panel. Just explain then to me why it is that a necessary premise of Alton is that 4007 is jurisdictional instead of just mandatory. Those are two different things, right? A rule can be mandatory without being jurisdictional. So why, it seems to me as I read Alton, Alton says 4007 is mandatory, but it doesn't really say or imply that it's jurisdictional. So the one small pushback I'd make on Your Honor about that is it says it's mandatory and it says it can't be accepted to. And those are different because Kontrick says if it's a mandatory claims processing rule, then you look, then you go into that inquiry, right, about whether equitable exceptions are required. But may I ask you a question? Because Kontrick explicitly says it is not reaching the equitable tolling question. And aren't you really relying on equitable tolling? We're relying on both equitable tolling and on due process. So we've got two pairs of arguments here. But I wanted to be head on with Your Honor, particularly since I sat through the morning sessions about this court's obligation in terms of its prior precedent. What Kontrick says is, well, Kontrick does two things, right? It invokes Rule 407, but invokes Rule 407 because that's the rule that implements Rule 523A, Section 523A. And what the case says is the way we read this, notice of a case would be sufficient under the facts of Kontrick to then bring you outside of the scope of 523A3, right? If you don't know anything about the case at all, the court's very clear and the cases are very clear that that claim cannot be discharged and you can file a late 523C complaint. So the way Mr. Ford tried to use Alton against us was to say, I gave you notice of the case, even though you didn't have notice of the claim. So we've got two separate bases here. I believe that Alton has been hollowed out. I think that the Lett case, which is not binding, but it's persuasive, follows Kontrick and makes it clear that the court, under looking at Rule 404 and 407, these are mandatory claims processing rules. So, but then that gets to your question, Judge Newsom, and to yours, Judge Legault. Do we still win? Well, we would win if equitable tolling would apply. There's a presumption under the Holland decision from the Supreme Court that when a rule is a mandatory claims processing rule and it's not jurisdictional, that you look to equitable exceptions. But there's also due process, and I don't want to lose sight of that because there's a key distinction and probably the court wouldn't need to overrule Alton if you focus on that distinction because Alton also invokes due process. In Alton, the creditor, Byrd, had already sued Alton for fraud in court before Alton filed for bankruptcy. Alton did not list Byrd as a creditor despite that lawsuit, but Alton did give Byrd notice that he was in bankruptcy. This court said in that instance, Byrd clearly was on inquiry notice and would have then understood that he better do something, and he had that notice in sufficient time to invoke Rule 4007. We had no notice at all. We had no knowledge that we were a potential creditor, and those are findings that the bankruptcy court made. We weren't on any inquiry notice. So somebody who is a creditor, like Byrd was, or like a bank would be, or other types of creditors in a personal injury claim context, those individuals, if they get notice of the bankruptcy in sufficient time within the 60-day window, they can seek an extension of time from the bankruptcy court. But what do you do with someone who doesn't even know that they're a creditor? In that instance, we would say it offends due process to bar us from filing a 523C. Do you think the due process issue is something that we should decide? Because as best as I can understand, the bankruptcy court didn't decide the issue one way or the other. It didn't decide the issue one way or the other. It felt that Alton encompassed all of it, and so one way to decide the issue would be to say that to the extent that the bankruptcy court read Alton as blanketedly barring someone from filing a late 523C complaint, if they just have notice of the case, and that is language that's in Alton, right, notice of the case, as opposed to knowing that you're a creditor, then the court could say that, although the facts are undisputed now because they were factual findings that weren't appealed, the court could say that actually was a misinterpretation of our decision in Alton, and given the factual findings that you've had, you can now go back and make a determination whether to allow this, right, because then it's discretionary, right? I mean, the bankruptcy court, there's a two-step process, right? If you say the debt might be extended, the bankruptcy court would still have to show that we had cause. He's found that we have cause to be late. That's why he let us file a late proof of claim. That's why he lifted the automatic stay. That's why we've been carved out of the bankruptcy plan. So he would let us file it. That doesn't mean we would win, right? That doesn't mean that he would find this debt to be non-dischargeable and would allow us to affirmably collect it. Unless there are further questions for me at this time, I'll just reserve the balance and ask that you revert it. Thank you. Good morning. Please, the court, mark, roar on behalf of the appellant. Sorry, the appellee and the debtor in the case below. Your Honors, it's undisputed that the appellant had notice of the bankruptcy case and had notice in time to exercise several rights in the bankruptcy court prior to the expiration of the deadline to object to dischargeability. So you're talking now about due process, right? I mean, the notice issue really runs to due process. Correct. And so I tend to think you're probably right that due process sets a fairly low bar and that notice of the case might be enough. I guess my one hang-up is that I'm not really sure the bankruptcy court decided this issue. It was before it, but I'm not really sure it decided the issue. Well, respectfully, I don't think the bankruptcy court needed to decide the issue because I think it's a very simple, clear issue that the appellant is trying to convolute and create confusion when there's none there, Judge. It's very simple. If you have notice of the bankruptcy case, you have the obligation to do something, and the obligation to do something is to, for instance, if you want to protect your client's rights, you have the opportunity to conduct discovery under Rule 2004, which is akin to a fishing expedition. So the appellant is saying, well, we never knew about this. And they weren't listed as a creditor, but they were given notice. They filed a motion for relief from stay, and they did nothing. They sat on their hands. What they could have done is, under Rule 2004, they could have taken discovery. They say they weren't allowed to discover it in the Wisconsin litigation because the matter was stayed due to the appeal of the motion to dismiss. But guess what? That's the opportunity a creditor or party in interest has in a bankruptcy case. Bankruptcy is in its own world. You're basically allowed to go on a fishing expedition of the debtor's financial affairs. So what they could have done was basically serve the same discovery that they wouldn't have been able to, that they weren't able to file at that time. And guess what? They discovered something. Once they were allowed to proceed in Wisconsin, they discovered something. And they discovered alleged fraud. Well, they had the opportunity to either do that in the bankruptcy court or they could have gone to the bankruptcy court and said, Listen, Judge, we have a highly contested litigation in Wisconsin. We're talking a multimillion dollar car. This isn't some little claim. This is a major claim. We haven't had a chance to take discovery. Either let's take discovery or guess what, Judge? Grant us an extension of the deadline to object to dischargeability. They never did that. They could have done that. They could have asked the court, said, Listen, we don't know what's going on here. There may be something we don't know, so either let us undertake discovery or extend the deadline. They didn't do any of that. Instead, it was 15 months later at the 11th hour when the plan's about to get confirmed where they're like, Oh, wait, we just discovered this a couple months ago. We want to be able to retroactively resurrect this deadline. And that's not what bankruptcy is about, Judge. Bankruptcy is more like a football game. In the fourth quarter, when the clock hits 0, 0, 0, 0, that's it. That's the same thing. There has to be finality. It will severely disrupt the process if, you know, 18 months later, four years later, a creditor is allowed to go back and say, Oh, Judge, we never did anything, but guess what? We just found something, and we want to turn back the clock and file a complaint objecting to dischargeability of debt. That's not what this court has held. Mendenhall, Judge, although it's not binding on this court, it is an 11th Circuit opinion, and it does undertake the analysis. That was decided after the Conrad case, and it reads, Accordingly, in Realton, it's still good law for the general rule that the bankruptcy court has no discretion to grant a late filed motion to extend time to file a dischargeability complaint, at least where the debtor has properly raised untimeliness as an issue. Well, we raised untimeliness, Judge. So Alton is still good law after Condrick, and Mendenhall, I mean, I respect that. I don't think this court can ignore it, obviously, and that's what's suggested by the appellant because they seem to dismiss it, obviously, because it goes against them. But it's a very simple issue. It's really not difficult. They've been discussing it. They have noticed it. I mean, I practice bankruptcy law. If I'm representing a creditor, it's easy to ask for an extension of time. You know, the court generally grants it. This is a bit of a different case because the appellant was engaged, again, in a hotly contested litigation that was stayed, or was discovered as unavailable because the matter had been in jurisdictions that was divested from the state court. It was on appeal. But the fact of the matter is the due process was upheld. There was no due process violation. There's no grounds for it. Equitable tolling, it's contrary to the specific clear language of Rule 4007C. Again, it's clear and unambiguous. All this was decided 36 years ago. There's no reason to change it. It's good law. The creditor cannot just sit back, sit on its hands, and do nothing. Again, the plan was confirmed almost four years ago, and we're still here prolonging a bankruptcy case that really datters our title, finality, and certainty that when the deadline passes, and a creditor or party in interest, and frankly, I don't think it matters. It's really right here in whether or not the appellant was listed as a creditor. Because in the case below. You do agree, though, that if there had not been any notice, that you're not entitled to finality. Well, that would not be dischargeable if there was no notice of the bankruptcy. That's specifically provided under Section 523. But that's not the case. No, I understand that, but I just want to make sure. Yes, Judge, yes. So can I? I don't really. I think I pretty much. The one thing I'll conclude with, Judge, is if you want to send a clear message or a ruling from this issue, is the message should be that creditors should not sit on their rights. Once you have notice of a bankruptcy, you have the obligation to do something and note the deadlines or suffer the consequences. It's the rules of the game. It's just like, you know, in soccer, you can't take the ball and throw it. I mean, it's just the rules. It's what everyone plays by. The rules would be rendered meaningless if you can impute equitable tolling under this scenario or under scenario. The simple fact is, you have notice, you've got to do something. And that's what ALTAN stands for. ALTAN stands for that you can't extend the deadline once it passes. That's the reason. So the message should be to creditors, don't sit on your rights. If you're in doubt, request an extension of time, but do something. And don't come back 15 months later. There's other creditors involved. You have to remember, a bankruptcy case isn't, you know, Jones versus Smith. There's other parties of interest. There's other creditors involved. And that has to be taken into consideration. So if there are no questions, I'm done. Thank you. Rebuttal. Here's what the bankruptcy court did. And we quote this on page 7 of our opening brief. Bankruptcy court found, based on the circumstances, there was no reason for T.L. to depose or seek documents from Mr. Ford in this bankruptcy case. And so the delay in T.L.'s discovering that it may have a claim against Mr. Ford was not within its control. What we had notice of was someone who sued us in Wisconsin filed for bankruptcy in Florida. That's what we had noticed. Mr. Rohrer raised this same argument in front of the bankruptcy court that we could have taken discovery. That was the bankruptcy court's specific finding. He did not appeal that. In this case, we would have done what? Conducted financial discovery about Mr. Ford? Mr. Rohrer talks about a fishing expedition. The reason why the bankruptcy court's finding is really powerful here is we didn't know we were a creditor. Mr. Ford gave notice of the bankruptcy in order to perfect or try to perfect the scheme that's now before this court. He gave notice of the bankruptcy to try to take the case outside the scope of Section 523A3. Even though the cases are clear about due process, and we point the court to the DHL-United case, the D.P. Wendlandt Holdings case. In that case, the district court noted that it can't think of a scenario where we will sue the characterization as a fallible mission to act, cited back in the Supreme Court's decision in Pioneer, where equity would dictate leave to file there a late proof of claim, but here we're saying equity would dictate allowing us to file a 523C complaint. Then one involving a creditor who lacked sufficient facts to constitute inquiry notice to file a timely proof of claim and only acquired such notice after the pre-petition bargaining. That's exactly our factual scenario. The data has said absolutely nothing about that case. What he's saying is, if I give you notice and therefore I try to absolve myself of the problem of non-dischargeability under 523A, everything's on you even though you don't know anything. In fact, everything's on you even though I'm hiding everything. The bankruptcy court said, I wouldn't trust Mr. Ford from one end of this courtroom to the other. He's lucky to have a confirmed plan. He sanctioned Mr. Ford because after our claim got carved out, because let's be clear, he's saying this is going on and on and on. We're carved out. We're entitled to fully liquidate this claim. The question is, can we get affirmative relief against Mr. Ford or are we entitled only to a set-off? He agreed to that as a condition of his dischargeability. So when he says this is still going on, that's because he agreed and because the bankruptcy court said, I'm not going to confirm the plan unless you agree to that. Then he marches back into Wisconsin after we filed a counterclaim and he says, my bankruptcy bars you, Wisconsin court, from doing this. It's one of the only times I've ever sought sanctions in my career as a lawyer. And a bankruptcy judge fined him almost $25,000 for trying to use the bankruptcy improperly in Wisconsin. The message that I would suggest the court send is, if you are a fraudster who conspires with someone and hides your misconduct but just tells someone, hey, by the way, I'm in bankruptcy and you later discover those facts and you had no reason to know them beforehand and no ability to get them beforehand and no reason to invoke any bankruptcy procedure, that that's the rare exception when either equitable tolling or due process would apply. I thank the court. Thank you. Court is adjourned. Thank you.